**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In the Matter of:  MATTHEW SCOTT
SOOS,

Debtor.

------------------------------

KELLEY L. SKEHEN, Trustee,

Appellant,

v.

MATTHEW SCOTT SOOS,

Appellee.

------------------------------

UNITED STATES OF AMERICA,

Amicus Curiae.

No. 10-2007
(BAP No. 09-035-NM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLLOWAY**, **ANDERSON**, and **TACHA** Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this appeal, the Chapter 13 Trustee challenges a final Confirmation Order in a Chapter 13 Plan entered by the United States Bankruptcy Court for the District of New Mexico. The Amended Order Confirming First Amended Chapter 13 Plan was entered on June 15, 2009, and incorporates by reference the reasoning set forth in the Order on Confirmation of Debtor's Chapter 13 Plan entered on May 6, 2009. The Trustee appealed to the Bankruptcy Appellate Panel (BAP), raising an issue of first impression in this Circuit. The BAP then certified the bankruptcy order as appropriate for direct appeal to this court, *see* 28 U.S.C. § 158(d)(2)(A)(i) and (ii), because it involved a question of law as to which there was no controlling decision of this court or the Supreme Court, and because it raised a question of law requiring resolution of conflicting decisions. We granted the Trustee permission to appeal. We later abated the appeal pending a decision from the Supreme Court in a case raising the very same issue raised in this appeal.

In January, the Supreme Court decided *Ransom v. FIA Card Servs., N.A.,* 131 S. Ct. 716 (2011), holding that "[a] debtor who does not make loan or lease payments may not take the car-ownership deduction" in the "means test" formula under Chapter 13 of the Bankruptcy Code. 131 S. Ct. at 721. In light of the holding in *Ransom* and its direct applicability in this appeal, the bankruptcy court's Amended Order Confirming First Amended Chapter 13 Plan (and the

earlier confirmation order incorporated by reference) is REVERSED, and the matter is REMANDED to the bankruptcy court for further proceedings consistent with the Supreme Court's decision.

Entered for the Court

Stephen H. Anderson
Circuit Judge